AO 472  (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
V.
Joseph B. DeStefano
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CR05-20-KAJ

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed  that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence   ☐ a preponderance of the evidence . Defendant has numerous firearm charges (6 counts of false statement to purchase, 6 counts of theft from firearm's dealer 5 counts interstate transport of stolen firearms, dealing without a license and possession of firearm by drug user).  Defendanrt resides with his mother in New York. He admitted to purchasing the weapons and admitted to 3 additional firearms not included in the indictment. The firearm dealers remember defendant from his numerous tattoos. On the ATF form defendant misrepresented that he the end user and that he did not use illegal drugs. Defendant admitted to illegal drug use (marijuana, crack, and prior addictions). Marijuana was found in his possession. In this state, he has not ties and since August 2004, defendant has lived at three different residences.  All charges are considered crimes of violence in this jurisdiction. Defendant has not financial resourses. Moreover, when defendant was first caught, he was warned by ATF to stop buying guns. Within 24 hours, he was purchasing another weapon. Further in January 2005, defendant threatened an individual by stating that "he would put a gun in her face." Prior to his arrest, and before living at his mother's address, defendant had been living with his wife in Dover, however, after arrest charges were lodged against her in February 2005, he was ordered to have no contact with her. Despite having no assets, pursuant to DMV, defendant has three cars in his name. Since June 2004 after treatment, he has not used crack, but apparently is still using marijuana. His mother ws unaware of defendant's past addiction to crack and only was aware of marijuana use. Defendant admitted to two prior arrests in NY for possession of marijuana and theft.  Defendant's substance abuse history, the nature of the offenses, instability of residency all strongly suggest that defendant is a risk of flight and danger to the community.

FILED
MAY 10 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

_____

_____
_____
_____
_____

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 28, 2005 | *[signature]* |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).