Filed In Open Court 7/25/05

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-20-KAJ |
| | ) | Criminal Action No. 05-66-KAJ |
| JOSEPH B. DESTEFANO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Anne Y. Park, Assistant United States Attorney for the District of Delaware, and the defendant, Joseph B. DeStefano, by and through his attorney, Sanford N. Talkin, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts Seven through Eleven of the Indictment in Criminal Action No. 05-20-KAJ. Counts Seven through Eleven of the Indictment charge the defendant with Theft of a Firearm From a Federally Licensed Firearms Dealer, in violation of Title 18, United States Code, Section 922(u). Each count of Theft of a Firearm From a Federally Licensed Firearms Dealer carries a maximum sentence of 10 years incarceration, a fine of $ 250,000, 3 years supervised release, and a mandatory special assessment of $100.

2. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to Count One of the Information in Criminal Action No. 05-66-KAJ. Count One charges the defendant with Issuing a Bad Check, in violation of Title 11, Delaware Code, Section 900, and Title 18, United States Code, Sections 7 and 13, which carries a maximum sentence of 2 years imprisonment, 1 year probation, and any fines as the Court deems appropriate.

3. At the time of sentencing, the United States agrees to move to dismiss the remaining counts of the Indictment in Criminal Action No. 05-20-KAJ.

4. The defendant understands that the sentences on the six counts to which he is pleading guilty could be imposed consecutively to one another.

5. The defendant understands that the elements of the offenses for the charges to which he is pleading guilty are:

Counts Seven through Eleven of Criminal Action No. 05-20-KAJ -- that on or about each of the dates specified in Counts Seven through Eleven of the Indictment, (1) the defendant knowingly stole or unlawfully took or carried away a firearm from the premises of a federally licensed firearms dealer; (2) the firearm was in the licensee's business inventory; and (3) the firearm had been shipped or transported in interstate commerce.

Count One of Criminal Action No. 05-66-KAJ -- that (1) from on or about November 15, 2004, through December 7, 2004, the defendant issued checks; (2) at the time the defendant issued these checks, he knew that these checks would not be honored by the drawee; and (3) the amount of the checks totaled $1,000 or more.

6. The defendant admits the following facts.

      a.      Shooter's Choice is a federally licensed firearms dealer located at 5105 North DuPont Highway, Dover, Delaware.

      b.      Miller's Gun Center is a federally licensed firearms dealer located at 97 West Jackson Avenue, New Castle, Delaware.

      c.      On October 30, 2004, the defendant purchased a Kel-Tec, model P-32, 380 APC pistol, Serial No. C3628, from the business inventory of Shooter's Choice for $308.95 by issuing a check drawn on his Fort Sill National Bank (FSNB) checking account (account number 40347102).

      d.      On November 3, 2004, the defendant purchased a Smith & Wesson, model SW9VE, 9mm pistol, Serial No. PBT0291, from the business inventory of Shooter's Choice for $394.88 by issuing a check drawn on his FSNB checking account (account number 40347102).

      e.      On November 5, 2004, the defendant purchased a Bersa, model Thunder 380, 380 APC pistol, Serial No. 638585, from the business inventory of Shooter's Choice for $299.83 by issuing a check drawn on his FSNB checking account (account number 40347102).

      f.      In a letter dated November 23, 2004, which was sent by certified mail to the defendant, Shooter's Choice notified the defendant that he had insufficient funds to cover the checks he had issued to purchase the firearms described in subparagraphs (c), (d), and (e). Despite receiving this notification, the defendant made no effort to pay Shooter's Choice for these firearms.

      g.      On November 8, 2004, the defendant purchased a Ruger, model P-89, 9mm pistol, Serial No. 315-53677, from the business inventory of Miller's Gun Center for $388.44 by issuing a check drawn on his FSNB checking account (account number 40347102).

  h. On November 12, 2004, the defendant purchased a Ruger, model P-95, 9mm pistol, Serial No. 315-56822, from the business inventory of Miller's Gun Center for $433.92 by issuing a check drawn on his FSNB checking account (account number 40347102).

  i. On December 13, 2004, letters were delivered via certified mail to the defendant from Miller's Gun Center. In these letters, Miller's Gun Center notified the defendant that he had insufficient funds to cover the check he had issued to purchase the firearm described in subparagraph (g) and that the check he had issued to purchase the firearm described in subparagraph (h) had been returned to Miller's as being drawn on a closed account. Despite receiving this notification, the defendant made no effort to pay Miller's Gun Center for these firearms.

  j. The five firearms described in subparagraphs (c), (d), (e), (g), and (h) were manufactured outside the State of Delaware.

  k. From on or about November 15, 2004, through on or about December 7, 2004, the defendant issued thirty-one (31) checks to pay for items he had purchased at various stores located on the Dover Air Force Base and run by the Army Air Force Exchange Services (AAFES). These checks were drawn on the defendant's FSNB checking account (account number 40347102) and the total amount of the 31 checks issued was $3,842. At the time the defendant issued these checks, he knew that these checks would not be honored by the drawee, FSNB, because either he had insufficient funds to cover these checks or this account had already been closed.

7. The defendant agrees to pay restitution to the victims -- Shooter's Choice, Miller's Gun Center, and the various stores on the Dover Air Force Base -- for these offenses as part of his sentence.

8. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under USSG § 3E1.1(a), and if the defendant's offense level is determined to be level 16 or greater, the United States agrees to an additional 1 level reduction under USSG § 3E1.1(b) based on the defendant's conduct to date.

9. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant recognizes that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney.

10. The defendant agrees to pay the $600 special assessment on the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

11. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Sanford N. Talkin, Esquire
Attorney for Defendant

By: _____
Shannon Thee Hanson
Assistant United States Attorney

_____
Joseph B. DeStefano
Defendant

Dated:   July 25, 2005

**AND NOW**, this 25th day of July, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE KENT A. JORDAN
United States District Judge
District of Delaware