# OBERLY, JENNINGS & RHODUNDA, P.A.

**800 Delaware Avenue - Suite 901**
**P. O. Box 2054**
**Wilmington, Delaware 19899**

**Charles M. Oberly, III**
**Kathleen M. Jennings**
**William J. Rhodunda, Jr.**
-----------
**Karen V. Sullivan**

(302) 576-2000
Fax  (302) 576-2004
E.I.No. 51-0364261
Writer's e-mail kjennings@ojlaw.com

October 21, 2005

<u>Via E-Filing & Hand Delivery</u>
The Honorable Kent A. Jordan
United States District Judge
District of Delaware
844 N. King Street, Room 6325
Wilmington, DE 19801

    **RE:**   *United States v. Joseph DeStefano*
             **Criminal Action Nos. 05-20 and 05-66-KAJ**

Dear Judge Jordan:

      Defendant Joseph DeStefano is scheduled for a sentencing hearing before the Court on October 28, 2005. DeStefano has no objections to the Presentence Investigation Report (hereinafter referred to as the "Report"). This letter is respectfully submitted as a Sentencing Memorandum for the Court's consideration in determining defendant's appropriate sentence.

## Background

      Joseph DeStefano is twenty-seven years old and was born and raised in Brooklyn, New York. He was reared in a single parent home by his mother, Maria. Defendant's father is a Vietnam Veteran who suffers from mental illness as a result of his military service. He was infrequently home and disappeared for years at a time. As a result, defendant never developed even the semblance of a father/son relationship with him. Ms. DeStefano worked multiple jobs to raise her eight children. In addition to defendant's two brothers and two sisters, his mother adopted her brothers' three children after they were abandoned at a young age. One of these adopted children Charlie, now age twenty, suffers from Cerebral Palsy.

      DeStefano is deeply devoted to his mother. Maria informs the Court, "My son out of all my eight children, he [sic] done more for me than them all, he was my right hand. When I was sick,

Joseph would cook, clean and take care of everything for me."[1]  Defendant enjoys a close relationship with brother Charlie also.  He has taken a special interest in caring for his challenged brother.  Although it does not appear in the Report, during defendant's pre-sentence interview, when asked about Charlie, defendant responded "That's my man, I love him."  All of his family members describe DeStefano as a loving and caring person.

The following is not an excuse for defendant's conduct but rather an explanation as to how such a caring individual arrived before the Court, convicted of Federal crimes.  The explanation is quite simple: drug abuse.  Defendant acknowledges that his drug use was avoidable and the result of his own decisions.  He informs the Court in a letter which is attached as Exhibit B[2], "I blame no one for what [I] did, and although [I] take full responsibility for my crime, [I] would appreciate an opportunity to right my wrongs."  By age sixteen, defendant was abusing substances such as Vicodan and Percocet.  This drug use continued up to his arrest.  In the past few years, defendant has also abused heroin and crack-cocaine.  The addiction reached its pinnacle just prior to arrest in the instant action.  DeStefano sought treatment but was unsuccessful in fighting his addiction.

Drug abuse destroyed defendant's two prior common law marriages.  He was cut off from his two oldest children by their mother because defendant refused to stop taking drugs.  He is able to visit and care for his youngest son but the mother of that child left him because of defendant's addictions.  Now, drugs have cost DeStefano his freedom.  Finally, defendant recognizes the seriousness of his problem.  He states, "I have had plenty of time to think while keeping my mind and body clean and [I] have focused myself on doing what is right when [I] am released.  Defendant backs these words with actions.  While in prison, he has participated in a drug treatment program, worked toward his Graduate Equivalency Diploma, maintained employment in "in-house" cleanup and pursued bible studies.[3]

Defendant intends to continue in drug treatment upon his ultimate release from jail and supervision.  He promises to be a family man and care for his son and reconnect with his daughters.  DeStefano tells the Court, "I've realized what's important to me and how to re-direct my decision making to make sure that nothing, even remotely, like this happens again."

Armed with the desire to remain drug free, defendant is ready to start anew in Brooklyn.  He intends to finish barber's school and use his skills to open a shop of his own.  This income source will enable him to financially support his family.  His presence will lend important

---

[1] A copy of the letter from defendant's mother and family members are attached collectively as exhibit A.

[2] This letter is addressed to the Honorable Judge (fist name, middle initial, last name)" because defendant expected counsel to type the letter.  However, the letter is forwarded to the Court in original handwritten form with defendant's signature.

[3] Documentation of these achievements are attached collectively as Exhibit C.

emotional support and he will never again act in a manner which jeopardizes his ability to "be there" for his family.

### Other Sentencing Considerations

As stated above, defendant desires to participate in all available drug treatment programs. For this reason, he respectfully requests that the Court recommend to the Federal Bureau of Prisons and Probation that he be enrolled in all available substance abuse programs during his incarceration and supervised release.

Defendant also respectfully request that the Court recommend to the Federal Bureau of Prisons that defendant serve his sentence in the prison closest to New York City that falls within his security classification.

Thank you for Your Honor's consideration of this letter in determining the appropriate sentence for defendant.

Respectfully submitted,

/s/ Kathleen M. Jennings

**KATHLEEN M. JENNINGS (No. 913)**

KMJ/bld
Enclosures
cc:    AUSA Shannon T. Hanson
       Sanford N. Talkin, Esquire